**CURTISS-WRIGHT CORPORATION, Appellant, v. TICHENOR, Admr., etc., et, Appellees.**

Common Pleas Court, Franklin County.

Nos. 197525, 197526. Decided December 23, 1957.

Breed, Abbott & Morgan, New York, N. Y., Thompson, Hine & Flory, Cleveland, Carlton S. Dargush, Jr., for appellant, Curtiss-Wright Corporation.

Porter, Stanley, Treffinger & Platt, for appellee, North American Aviation, Inc.

William Saxbe, Atty. Genl., John W. Hardwick, Asst. Atty. Genl., for appellee, James W. Tichenor, Administrator.

## OPINION

By GESSAMAN, J.

These cases have previously been consolidated for trial only. Each is an appeal from an order of the Administrator of the Bureau of Unemployment Compensation. Each is now submitted to the court upon the motion of North American Aviation, Inc. (North American) to dismiss the appeal. The grounds upon which each motion is based are stated by counsel for North American as follows:

"(a) The Court has no jurisdiction of and has not been empowered by statute to hear or determine the within appeal, and said appeal is not authorized by law; and

(b) Curtiss-Wright Corporation is not aggrieved and is not a proper party appellant under §4141.26 R. C."

In this opinion the motion of each case will be considered separately.

**As to the Motion to Dismiss the Appeal in Case Number 197,525**

This appeal is from an order of the administrator dated March 15, 1957, denying the applications of Curtiss-Wright for a review and redetermination of its contribution rate for the years 1953 to 1957, inclusive. One of the applications is found at page 17 of the transcript and reads in part as follows:

"We feel it advisable to file this letter formally requesting a review and redetermination of our 1956 rate determination for the reason that you omitted experience rating factors to which, in accordance with our previous protests, we believe ourselves entitled.

"Our earlier request for review and redetermination concerning our rates for 1953, 1954, and 1955 are still pending before you."

There is no dispute of the fact that the contribution rate of Curtiss-Wright for the years in question was the statutory minimum.

The notice of appeal herein reads as follows:

"Curtiss-Wright Corporation, Appellant, hereby gives notice, pursuant to §4141.26 R. C., of its appeal from the decision dated March 15, 1957, of the Administrator of Bureau of Unemployment Compensation, denying certain applications of Curtiss-Wright Corporation for review and redetermination of annual contribution rate determinations for the years 1953-1957, inclusive. Said decision was mailed to Curtiss-Wright Corporation on March 15, 1957."

The closing paragraph of the Administrator's decision, referred to in the notice of appeal, reads as follows:

"The Administrator therefore denies the applications for review and redetermination of the rates established for Curtiss-Wright during the aforesaid years." (1953, 1954, 1955, 1956 and 1957.)

Provision for an appeal from such an order is found in the third paragraph of §4141.26 R. C., which reads as follows:

"The employer shall be promptly notified of the administrator's denial of his application or of the administrator's redetermination, which shall become final unless, within thirty days after the mailing of notice thereof to the employer's last known address or, in the absence of mailing, within thirty days after the delivery of such notice, an appeal is taken to the court of common pleas of Franklin county. Such appeal shall be taken by the appellant by filing a notice of appeal with the clerk of such court and with the administrator. Such notice of appeal shall set forth the decision appealed from. Proof of the filing of such notice with the administrator shall be filed with the clerk of such court."

But we have in this case the peculiar situation of Curtiss-Wright appealing from an order in which the administrator denied requests to review and redetermine its contribution rates which already were at the statutory minimum.

In **Ohio Contract Carriers Assn., Inc. v. Public Utilities Commission, 140 Oh St 160**, the following basic rule is found in the syllabus:

"Appeal lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant."

To the same effect is the language of the Supreme Court found at page 365 of the opinion in **The Rollman and Sons Co. v. Board of Revision of Hamilton County, 163 Oh St 363:**

"* * *. the appellant has not shown that it was injured by the action of the board, and one who is not injured thereby cannot question the validity of a statute or an order of an administrative body."

We have previously adhered to these rules in the case of Curtiss-Wright Corporation v. Cornell, Administrator, etc., et al., Number 186,297.

But counsel for Curtiss-Wright say that "the statute is concerned with determinations, not rates." (brief page 20) and that the rate is fixed by statute (brief page 15) not by the administrator. They appear to overlook the fact that in §4141.25 (3) R. C., the General Assembly provided that

"The administrator of the bureau of unemployment compensation shall determine as of each computation date the contribution rate of each employer for the next succeeding contribution period."

Obviously, there are factors that are considered by the administrator in fixing the rate. Divorced of all irrelevant argument, one will inescapably find that the real grievance of Curtiss-Wright concerns the action of a former administrator in determining that North American was the successor in interest to Curtiss-Wright. Counsel for Curtiss-Wright urge that this appeal is from that "determination."

We held in the Cornell case, supra, that

"* * * there is no provision in the statute under consideration for an appeal * * * upon a question which was not the ultimate question determined by the administrator."

The Court of Appeals affirmed our decision in **Curtiss-Wright Corp. v. Cornell, 100 Oh Ap 240,** and we still adhere to it.

What was the ultimate question determined by the administrator? To put it another way, from what order has Curtiss-Wright appealed? **Sec. 4141.25 R. C.,** provides that the administrator, at a certain date, shall determine the contribution rate of each employer. By clear and unambiguous language, §4141.26 R. C., provides that the administrator shall, not later than January first, notify each employer of his contribution rate; that such rate shall become binding unless within sixty days the employer files an application for review and redetermination; that the employer shall be notified of the administrator's denial of his application which shall become final unless appeal is taken to this court; that the appeal shall be taken by filing a notice of appeal and that "Such notice shall set forth the decision appealed from."

In this case, the attempted appeal is from the administrator's denial of Curtiss-Wright's application for review and redetermination. Application for review and redetermination of what? The contribution rate, of course. The statute, itself, makes that crystal clear. In fact, so clear, that in our opinion there is no room for argument.

From the foregoing it should be clear that it is our opinion that the attempted appeal herein is from an order of the administrator which finally fixed Curtiss-Wright's Contribution rate and that since that rate was at the statutory minimum, there is no error in the case which injuriously affects the appellant and therefore Curtiss-Wright is not aggrieved by the order appealed from and therefore may not appeal. Ohio Contract Carriers and Rollman cases, supra.

As we have already observed, there are many factors which are considered by the administrator in determining the rate. An employer may not agree with the administrator upon his finding on any given factor but that disagreement does not give rise to a right of appeal upon that finding. The statute, as we have observed, authorizes the appeal from the order which finally determines the rate and there is no provision of statute or rule of law which allows an appeal merely because there is a disagreement with a reason given for the decision or, in fact, if an incorrect reason is given for the decision. In the case of **Agricultural Insurance Co. v. Constantine, 144 Oh St 275,** the Court said at **page 284:**

"By repeated decisions of this court it is the definitely established law of this state that where the judgment is correct a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof."

In the case of **Collopy v. Haloway, 49 O. O. 46**, Judge Bell, formerly a Judge of the Supreme Court, said:

"It is well settled in Ohio that where an administrative agency arrives at a correct conclusion, upon review, a court will not be concerned with the reasoning by which the conclusion was reached."

Counsel for Curtiss-Wright urge that this appeal is permitted under subsequent language in §4141.26 R. C., which is as follows:

"This section applies to all other determinations and orders of the administrator affecting the liability of an employer to pay contributions or the amount of such contributions or respecting applications for refunds of contributions."

The weakness of counsels' argument is found in the use of the word "other" by the General Assembly. That is to say, provision is made in this sentence for appeals from "determinations" other than those previously mentioned in the statute and one determination previously mentioned in the statute is the administrator's denial of an application for review and redetermination. This appeal is from such a denial. Therefore, the "other determinations" provision does not deal with or authorize this appeal.

The motion in this case is sustained.

AS TO THE MOTION TO DISMISS THE APPEAL IN CASE NO. 197,526.

This appeal is from an order of the administrator, dated February 14, 1957, denying an application by Curtiss-Wright for a determination of successorship. Upon motion of North American, the administrator determined not to make a re-determination of successorship and dismissed the application without proceeding with the hearing. The issue now before the Court in this case, as stated by counsel for Curtiss-Wright, is as follows:

"Does a determination by the Administrator on a question of successorship come within the class of 'other determinations' applicable under this statutory provision?" (Sec. 4141.26 R. C.)

On the other hand, counsel for North American urge that the real issue is "whether the February 14, 1957, decision is a determination 'affecting the liability' of Curtiss-Wright 'to pay contributions or the amount of such contributions.'"

In this respect, what does the statute say? The pertinent language is

"This section applies to all other determinations and orders of the administrator affecting the liability of an employer to pay contributions or the amount of such contributions or respecting application for refunds of contributions."

Obviously, the phrase "respecting applications for refunds of contributions" has no application here. Breaking down the balance of the sentence, we find that there are two types of determinations and orders

from which an appeal may be had. They are (1) a determination and order of the administrator affecting the liability of the employer to pay contributions and (2) a determination and order of the administrator affecting the amount of such contributions. Does the determination or order of February 14, 1957, fall in either of these two categories? It is admitted that this is the part of the section under which Curtiss-Wright claims its right to appeal.

At pages 7 and 8 of the transcript, we find a letter from Mr. George R. Hill, Vice President for Finance of Curtiss-Wright to the administrator, dated April 11, 1956. It is headed "Re Request for Determination of Successorship" and is the application for re-determination of successorship. The first three paragraphs of that application are as follows:

"Under date of October 2, 1952, Ernest Cornell, who was then Administrator of the Bureau of Unemployment Compensation, determined that North American Aviation, Inc., was the successor-in-interest to Curtiss-Wright Corporation for purposes of the Ohio Unemployment Compensation Act and, as such successor-in-interest, was entitled to the resources and liabilities in the unemployment compensation account of Curtiss-Wright Corporation.

"We promptly appealed your predecessor's determination to the Court of Common Pleas of Franklin County. That appeal was subsequently dismissed on jurisdictional grounds, Curtiss-Wright Corporation being deemed not to have been a party to the proceeding before Administrator Cornell. As you know, this decision was affirmed by the Court of Appeals of Franklin County, and the Supreme Court of Ohio has recently declined to allow our motion to certify.

"In accordance with the procedure indicated during course of that litigation, Curtiss-Wright Corporation hereby requests your determination as to whether North American Aviation, Inc., became the successor-in-interest to Curtiss-Wright Corporation for purposes of §4141.24 R. C., as the result of the transactions in November, 1950, between these two employers."

Subsequent thereto, North American filed its motion to dismiss the application "for lack of jurisdiction to maintain it." On February 14, 1957, the administrator did dismiss the application and the following is the concluding paragraph of his decision: (Transcript page 177)

"For the foregoing reasons, I conclude that I am without the power or authority under the statutes to grant a review and redetermination to Curtiss-Wright Corporation."

It is from the latter order that this appeal has been taken.

From an examination of the entire decision, it is apparent that the administrator made no determination on the question of successorship. On the contrary, he dismissed Curtiss-Wright's application to do so. Therefore, in the final analysis the administrator did not make a "determination and order" on the date in question from which an appeal is authorized.

There is a further basis for that conclusion when we compare the administration's decision with that part of the statute dealing with

"other determinations." Any comparisons will disclose that the decision of February 14, 1957, is not a determination and order of the administrator affecting the liability of the employer to pay contributions, because Curtiss-Wright never has questioned its liability in that respect; —at least no claim has been made to that effect. Furthermore, it is clear that the decision of February 14, 1957, is not a determination and order of the administrator affecting the amount of such contributions for, as we have pointed out in discussing case No. 197,525, the contribution rate of Curtiss-Wright for all years in question was the statutory minimum. In our opinion in the Cornell case, supra, we said that "The transfer of the credit from Curtiss-Wright to North American might affect but does not ipso facto affect a subsequent rate for Curtiss-Wright." We are still of that opinion. In fact, the records of these two cases disclose that Curtiss-Wright's contribution rate for each year since our decision in the Cornell case (1953) has been at the statutory minimums.

Counsel for Curtiss-Wright urge that "affecting" (used in §4141.26 R. C., supra), should be construed to mean "in connection with" for the reason that §4141.46 R. C., provides that "§§4141.01 to 4141.46 inclusive, R. C., shall be liberally construed." It is readily apparent that this argument is based upon the false premise that the word "affecting" needs to be construed. It does not. It is clear, definite, and is not ambiguous. Counsels' argument overlooks a well established and widely recognized rule of statutory construction which is stated as follows in 37 O. Jur. 508-9:

"A construction adopted should not be such as to defeat the obvious intention of the legislature or do violence thereto, wholly or partially, but rather one which would carry such intention into effect."

The rule is stated in slightly different language in Knox v. Covrett, 85 Oh Ap 524, at page 528:

"In the application of the provisions of a statute, it is the invariable rule of the courts to give effect to the intent and purpose of the legislature. Where this intent and purpose is clearly expressed in the statute, the courts do not have the power to amplify the legislative provision by adopting rules of interpretation or by giving the statute a meaning contrary to its express provisions."

If the legislature had intended to give a right of appeal from any determination and order "in connection with" the liability of an employer to pay contributions or "in connection with" the amount of such contributions, it would have said so. But it did not and this Court has no power to extend the right of appeal beyond that expressly given by the legislature. In State, ex rel. Foster v. Evatt, 144 Oh St 65, the Supreme Court said in syllabi 7 and 8:

"7. Courts have no legislative authority and should not make their office of expounding statutes a cloak for supplying something omitted from an act of the General Assembly. The question is not what did the General Assembly intend to enact, but what is the meaning of that which it did enact. * * *"

"8. There is no authority under any rule of statutory construction

to add to, enlarge, supply, expand, extend or improve the provisions of the statute to meet a situation not provided for."

This Court, and no court, can expand the plain and unambiguous language of the legislature to cover the appeal here attempted. As we have already said, there is nothing in this part of the statute that needs interpretation. It needs only to be applied. In **Sears v. Weimer, 143 Oh St 312,** the Supreme Court said:

"Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to rules of statutory interpretation. An unambiguous statute is to be applied, not interpreted."

Counsel for Curtiss-Wright contend that if the statute does not authorize this appeal, then it is unconstitutional in that it denies to Curtiss-Wright due process of law. Counsel, in this respect, overlook "the fundamental rule that to be entitled to institute appeal or error proceedings a person must have a present interest in the subject-matter of the litigation and must be aggrieved or prejudiced by the judgment, order or decree." **Ohio Contract Carriers Assn. Inc. v. Public Utilities Commission, 140 Oh St 160, at page 161.** In the syllabus the Court said:

"Appeal lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant."

Curtiss-Wright was not injuriously affected by the decision of February 14, 1957, nor was it aggrieved or prejudiced thereby, because it determined or decided nothing.

There is pending in each of these cases, a motion by Curtiss-Wright to complete the record. Counsel for Curtiss-Wright feel that there are many exhibits that were presented to the administrator and have not been transmitted to this court but are necessary for a final determination of these cases on the merits and even for the consideration of these motions.

At the oral argument on these motions, the Court was favored with an affidavit of Mr. Treffinger, outlining the present whereabouts of the 188 papers listed in Exhibit A to the affidavit in support of Curtiss-Wright's motion to remand to complete the record. Part of the exhibits are on file in the Cornell case, supra (Number 186,297) and we have re-examined them. Part of them, as we have said, are already on file in these two cases and we have examined them. Mr. Treffinger has furnished the Court with photostatic copies of the remainder and we have examined them. Without any question, we are of the opinion that everything is on file in these two cases, necessary to a complete consideration and determinations of each of these motions. The exhibits not originally certified to this court by the administrator are wholly irrelevant to the questions raised by the motions.

The motion in this case is sustained.